UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GAIL COGGINS BROOKS, an individual; and DUANE COGGINS, an individual, | No. 2:14-CV-00250-LRS |
| | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| Plaintiffs, | |
| vs. | |
| WAPATO POINT MANAGEMENT COMPANY HEALTH AND WELFARE PLAN; WAPATO POINT MANAGEMENT COMPANY, INC., as plan administrator, | |
| Defendants. | |

**BEFORE THE COURT** is the Defendants Wapato Point Management

Company Health and Welfare Plan's and Wapato Point Management Company,

Inc.'s Motion for Summary Judgment. ECF No. 10. The Court has considered the

written arguments of counsel without oral argument and is fully informed.

///

///

ORDER – 1

BACKGROUND

Mr. Orbie Coggins was an employee of Wapato Point Management Company, Inc. ("Wapato Point") and a member of the Laborers International Union of North America ("LIUNA"). ECF No. 5 at 2.  As an employee, Mr. Coggins participated in the Company Health and Welfare Plan ("Company Plan") which included life insurance coverage of twice an employee's annual salary.  *Id.* On May 1, 2009, LIUNA and Wapato Point reached a Collective Bargaining Agreement (CBA) that required, among other things, employees to participate in the Northwest Laborers-Employees Health and Security Trust Fund ("Union Plan") instead of the Company Plan.  *Id.* at 4.  The life insurance benefit under the Union Plan was limited to $5,000—significantly less than the life insurance benefit under the Company Plan.  *Estate of Orbie Coggins v. Wapato Point Mgmt. Co. Health & Welfare Plan*, 22 F.Supp.3d 1152, 1154 (E.D. Wash. May 23, 2014).

Mr. Coggins died on December 16, 2011.  ECF No. 5 at 3.  His estate was paid the $5,000 benefit Mr. Coggins was entitled to under the Union Plan.  ECF No. 6 at 6.  After Mr. Coggins's children found the life insurance enrollment form for the cancelled Company Plan, his estate sought these benefits but was informed that Wapato Point had terminated the coverage in 2009.  ECF No. 5 at 3.  LIUNA filed a grievance on behalf of Mr. Coggins's estate, which was subject to mediation, and resulted in a settlement of $10,000 awarded to Mr. Coggins's

estate.  *Coggins*, 22 F.Supp.3d at 1154.  As part of the settlement, Wapato Point reinstated the previous life insurance benefits to its employees.  *Id.*

After the settlement, however, Mr. Coggins's estate filed suit in the U.S. District Court for the Eastern District of Washington seeking enforcement of the Company Plan. *Id.*  The estate claimed that Wapato Point "breached their fiduciary duties by failing to provide complete and accurate information regarding the status and termination of Mr. Coggins's insurance coverage" under the Employee Retirement Income Security Act (ERISA).  *Id.*  In that suit, the court found that Mr. Coggins's estate was "bound to the same arbitration agreement that applied directly to Mr. Coggins" and that the estate had failed to exhaust the grievance procedure under the CBA, therefore, the suit was improper. *Id.* at 1156. Additionally, the court found that even if Mr. Coggins's estate "had a viable claim," it "lacked a remedy [under ERISA] as a matter of law."  *Id.* at 1158.

Now, Plaintiffs, Mr. Coggins's children, Gail Coggins Brooks and Duane Coggins, have filed a claim against Wapato Point as the alleged beneficiaries under the Company Plan's life insurance benefits.  Plaintiffs claim that Wapato Point 1) violated the reporting and disclosure requirements under ERISA and 2) breached its fiduciary duty to the Plaintiffs as beneficiaries under an ERISA plan.  ECF No. 5 at 4-5.  Plaintiffs seek enforcement of the life insurance benefits under ERISA, 29 U.S.C., §1132(a)(1)(b) and §1132(a)(3)).  *Id.* at 6.

ORDER - 3

DISCUSSION

To withstand a motion for summary judgment, the opposing party must set forth specific facts to show that there is a genuine issue of material fact in dispute. Fed.R.Civ.P. 56(e).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  All facts in the record and inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party.  In the absence of genuine issues of disputed fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Defendants have moved for summary judgment raising a number of defenses.   First, the Defendants allege *res judicata*, citing to *Coggins*, 22 F.Supp.3d at 1152.  ECF No. 10 at 6.  Second, Defendants argue that Ms. Gail Coggins Brooks is not a beneficiary of the plan and therefore has no standing.  *Id.* at 10.  Third, the Defendants argue that the Plaintiffs must exhaust the CBA's procedure before it can bring a claim.  *Id.* at 11.  Fourth, the Defendants claim equitable estoppel. *Id.* at 12.  Finally, the Defendants claim that the Plaintiffs lack a remedy under ERISA.  *Id.* at 14.  It is unnecessary to consider each of these

—

defenses individually.  Like the suit previously brought by Orbie Coggins's estate, the Plaintiffs here lack a remedy under ERISA.


LACK OF REMEDY

The Plaintiffs cite to two provisions that they believe provide them an available remedy. First, Plaintiffs seek recovery of the Company Plan life insurance benefits under ERISA, 29 U.S.C. §1132(a)(1)(b).  ECF No. 5 at 5-6. The section states that a plan "participant or beneficiary" may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §1132(a)(1)(b).  As the previous trial court found, however, "it is undisputed that Mr. Coggins was not covered by the life insurance at the time of his death."  *Coggins*, 22 F.Supp.3d at 1158.  The Company Plan was canceled as part of the company's switch from the Company Plan to the Union Plan in May 2009.  *Id.* It was not reinstated until after Mr. Coggins had died.  *Id.*  The court found, relying on *U.S. v. Peralta*, 419 F.3d 1064, that since the plan did not exist when Mr. Coggins died he is unable to "enforce the terms of his plan."  *Id.* at 1157 (citing *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064 (9th Cir. 2005)).  Therefore, Mr. Coggins had no remedy under §1132(a)(1)(b).

ORDER - 5

The Plaintiffs here have the same problem. The Plaintiffs cannot be considered "beneficiaries" of a plan that did not exist at the time of Mr. Orbie Coggins's death. Therefore, they too do not have a remedy under §1132(a)(1)(b).

The Plaintiffs argue in the alternative that they are entitled to "equitable relief" under 29 U.S.C. §1132(a)(3). The section states that an action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. §1132(a)(3) (emphasis added).

Plaintiffs rely on *CIGNA Corp. v. Amara*, in which the Supreme Court recognized that a "surcharge" is an appropriate equitable remedy under ERISA. *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1880, 179 L. Ed. 2d 843 (2011). A surcharge is an equitable remedy in the form of "monetary compensation for a loss resulting from a trustee's breach of duty." *Id.*

In *Amara*, CIGNA Corporation changed the pension plan for its employees resulting in lower than expected benefits. *Id.* at 1872. The employees in that case brought suit challenging the adoption of the new plan and alleging that CIGNA Corp. had "failed to give them proper notice of changes to their benefits." *Id.* at 1870. There the Court said that a "surcharge" was an appropriate equitable

remedy, under §1132(a)(3), in response to the company's breach of duty. *Id.* at 1880. The Court ordered that CIGNA Corp. pay already retired employees the benefits due to them under the newly reformed plan. *Id.*

Plaintiffs argue that a surcharge is also an appropriate equitable remedy here since Wapato Point allegedly breached its fiduciary duty when it failed to provide Mr. Orbie Coggins with adequate notice of cancellation. ECF No. 17 at 12-13. They also claim, however, that they are entitled to a surcharge in their individual capacities as a result. ECF No. 17 at 13.

The previous court already considered the question of whether equitable remedies were available to Mr. Orbie Coggins. *Coggins*, 22 F.Supp.3d at 1157. The Court found "no evidence that the employer defrauded Mr. Coggins or engaged in other egregious conduct that might justify reinstatement of benefits through a §1132(a)(3) equitable remedy." *Id.* at 1158.

It is unclear whether ERISA's fiduciary duty of notice extends past the employee to the designated beneficiaries of a life insurance plan. It appears not. "[T]he broad fiduciary responsibilities imposed by ERISA require a plan administrator to provide timely notification *to employees* of termination of their benefits." *Peralta*, 419 F.3d at 1071 (emphasis added). The Court has found no case where the disclosure requirements of ERISA extend beyond the employee to his or her designated beneficiaries. However, the Court today does not need to

ORDER – 7

decide whether Wapato Point had a duty to the employee's designated beneficiaries or whether it breached that duty. As his employer, the duty Wapato Point owed to Mr. Orbie Coggins is surely greater than any alleged duty it may have had to the Plaintiffs as designated beneficiaries under his plan. If the alleged breach of duty cannot be enforced by the estate of the deceased employee (as has been found in the prior court proceeding), there is no basis to conclude that the rights of the named beneficiaries exceed those of the deceased.


## CONCLUSION

The Plaintiffs are without a remedy under ERISA. The plan was canceled before Mr. Orbie Coggins's death and therefore there is no plan to enforce under §1132(a)(1)(b). Furthermore, the alleged breach of duty would not be egregious enough to warrant enforcing a surcharge in favor of the Plaintiffs under §1132(a)(3).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, ECF No. 10, is **GRANTED**.

**DATED** February 18, 2015.

*s/Lonny R. Suko*

_____

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8